Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2307 | **DATE** | 7/14/2003 |
| **CASE TITLE** | Viad Corp vs. Riches et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 7-1 & 7-2) to dismiss case for lack of personal jurisdiction and improper venue or, in the alternative, to transfer is granted in part as follows: the Amended Complaint is dismissed without prejudice as against MICE Group, and the action is transferred to the United States District Court for the Central District of California. Ruling set for July 16, 2003 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 15 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| SCT | courtroom deputy's initials | 03 JUL 14 PM 2:24 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

VIAD CORP. d/b/a EXHIBITGROUP/GILTSPUR, )
a Delaware corporation, )
)
                Plaintiff, )
)
    vs. )    03 C 2307
)
STEVEN RICHES, an individual; BRUCE LIBY, an )
individual; and MICE GROUP PLC, a foreign )
corporation, )
)
                Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on a motion to dismiss brought by Defendants Steven Riches, Bruce Liby, and MICE Group PLC ("MICE Group"). Defendants move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) or for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1406(a). Alternatively, Defendants move to transfer the action to the United States District Court for the Central District of California under 28 U.S.C. § 1406(a). For the reasons set forth below, we dismiss the Amended Complaint as against MICE Group, and transfer the action to the Central District of California.

## BACKGROUND

The following facts appear to be beyond dispute in this case. Riches and Liby were employed by Exhibitgroup/Giltspur, a division of Plaintiff VIAD Corp. ("VIAD"), from April 1997 and January 2002, respectively, until March 2003. VIAD is a Delaware corporation with its principal place of business in Arizona. Its Exhibitgroup/Giltspur division, however, is headquartered in Illinois, which presumably is the reason VIAD brought this action here in the Northern District of Illinois. Riches and Liby are residents of California. In March 2003, VIAD fired Riches and Liby resigned. Both Riches and Liby subsequently began working for Display Works, a California corporation with its principal place of business in California. Display Works, which employs the trade name MICE Display Works, is a subsidiary of MICE North America ("MICE N.A."), which, in turn, is a subsidiary of Defendant MICE Group, a British corporation. VIAD brought suit in this court against Riches, Liby, and MICE Group, alleging that they attempted to solicit employees from VIAD and to use VIAD's confidential information in violation of agreements signed by Riches and Liby. In their instant motion, Defendants contend that this court lacks personal jurisdiction over them and that venue is improper here. Accordingly, they move to have the action dismissed, transferred, or some combination thereof.

## LEGAL STANDARD

With respect to the motion to dismiss for want of personal jurisdiction and/or improper venue, we must accept all of VIAD's well-pleaded facts as true. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988); *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). With respect to the motion to transfer, that decision is left to the discretion of the court. *See Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) ("Under either section [(28 U.S.C. §1404(a) or 28 U.S.C. § 1406(a))], the district court has broad discretion to grant or deny a motion to transfer the case.")

## DISCUSSION

### I. Motion to Dismiss

Defendants move to dismiss the action as to all Defendants for lack of personal jurisdiction and for improper venue because they have no ties to Illinois. In opposition to the motion, VIAD argues that Riches and Liby are properly being sued here pursuant to choice of forum clauses in their employment agreements and that MICE Group conducts sufficient business in Illinois to subject it to personal jurisdiction here.

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991). VIAD alleges that

Defendants Riches and Liby signed employment agreements whereby they waived personal jurisdiction and venue objections to actions brought before a federal court in the state of Illinois. Riches admits he did sign such an agreement but claims that he signed a subsequent employment agreement that did not include these waivers and which supercedes his prior agreement. Unfortunately, however, Riches only provides an incomplete copy of this subsequent agreement. From the limited submission, we are unable to decipher whether the second agreement superceded the first agreement. Thus, the motion to dismiss as to Riches must be denied.

Liby does not dispute that he signed an agreement with an Illinois choice of forum clause. Despite apparently being shown a copy of the agreement that he signed in which he waived personal jurisdiction and venue objections to actions arising thereunder and brought in a federal court in Illinois, Liby declares that he has no memory of such an agreement. All Liby alleges is that he has no memory of the agreement, not that it doesn't exist. In any event, we must accept VIAD's allegation as true for purposes of this motion. Thus, the motion to dismiss as to Liby is also denied.

It is undisputed that MICE Group never expressly agreed to suit in Illinois. VIAD contends, however, that MICE Group has waived personal jurisdiction in Illinois by operating within the state. It appears that VIAD has named the wrong party. MICE

Group does not operate in Illinois. Its subsidiary's subsidiary does. MICE Group owns MICE N.A., which owns Display Works. It is Display Works that operates in Illinois, not MICE Group. (MICE N.A. may also operate in Illinois but it is unclear from the record.) Thus, the motion to dismiss is granted as to MICE Group. The dismissal, however, is without prejudice as we did not afford (and no party requested) an evidentiary hearing on the issue of whether MICE Group itself, and not a subsidiary, operated in Illinois. It seems extremely unlikely but we do not foreclose the issue.

## II.    Motion to Transfer

In its opposition to the motion to dismiss, VIAD informed the court that it does not object to transferring the action to the Central District of California. Accordingly, the motion to transfer the action is granted.

## CONCLUSION

Based on the foregoing analysis, we grant the motion in part as follows: the Amended Complaint is dismissed without prejudice as against MICE Group, and the action is transferred to the United States District Court for the Central District of California.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: 7/14/03